## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD ERICKSON,
            Appellant,

      v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
AT-3443-07-0016-C-2

DATE: March 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Richard Erickson, Cape Coral, Florida, pro se.

Theresa M. Gegen, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the compliance initial decision, finding the agency in partial noncompliance with the Board's December 31, 2013 Opinion and Order. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Because there is no timely petition for review before us, we also DISMISS the agency's cross petition for review for lack of jurisdiction.

## BACKGROUND

¶2 The administrative judge issued a compliance initial decision on December 10, 2021, finding the agency in partial noncompliance. *Erickson v. U.S. Postal Service*, MSPB Docket No. AT-3443-07-0016-C-2, Compliance File (CF), Tab 30, Compliance Initial Decision (CID). The compliance initial decision specifically stated that the deadline to file a petition for review was January 14, 2022, and provided information on how to file a petition for review. CID at 17-18. The decision was sent to the appellant at a street address in Cape Coral, Florida. CF, Tab 31.

¶3 On March 21, 2022, the appellant filed a petition for review via Federal Express, challenging certain statements and findings in the compliance initial decision. *Erickson v. U.S. Postal Service*, MSPB Docket No. AT-3443-07-0016-C-2, Compliance Petition for Review (CPFR) File, Tab 1. The appellant claimed that he did not receive the compliance initial decision until February 17, 2022, when his union representative emailed it to him in preparation for an unrelated arbitration proceeding. *Id*. at 1-2. Upon receipt of the petition for review, the Acting Clerk of the Board issued an acknowledgment letter, setting forth the deadline for the agency to file a cross petition for review and notifying the appellant that, because his petition for review appeared to be untimely filed, the Board's regulations require that he file a motion to accept the filing as timely and/or to waive the time limit for good cause. CPFR File, Tab 2 at 1-2. On April 8, 2022, the appellant filed a motion to accept the petition for review as timely and/or to waive the time limit for good cause, reiterating that he did not receive the compliance initial decision until February 17, 2022. CPFR File, Tab 3 at 1-2. He also attached a copy of his union

representative's email forwarding him the compliance initial decision on February 17, 2022. *Id*. at 3-4.

¶4        The agency responded to the appellant's petition for review, requesting, in part, that the petition for review be dismissed as untimely filed. CPFR File, Tab 4 at 5-6. The agency also filed a cross petition for review, in case the appellant's petition for review was found timely filed, challenging the administrative judge's finding that the agency incorrectly calculated the appellant's back pay. *Id*. at 11-14. The appellant then filed a reply to the agency's response and cross petition for review. CPFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review. *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007) (stating that the appellant bears the burden of proof with regards to timeliness, which he must establish by preponderant evidence); 5 C.F.R. § 1201.56(b)(2)(B).

¶6        The appellant has not established that his petition was timely filed. The certificate of service confirms that the compliance initial decision was sent to the appellant, via U.S. Mail, to a street address in Cape Coral, Florida. CF, Tab 31. The appellant has not claimed that the address was incorrect, nor has he provided an updated address or requested another method of service. CPFR File, Tab 1 at 1-2. In fact, the Cape Coral address is the same address listed on the Board's other orders, including the close of record order, which the

appellant confirmed he received.[2] *Compare* CF, Tab 31, *with* CF, Tab 27 at 4, Tab 29 at 20. Furthermore, after filing his petition for review, the appellant filed a notice with the Board, requesting that all documents be sent to the same Cape Coral address where the compliance initial decision was sent.[3] *Compare* CF, Tab 31, *with* CPFR File, Tab 6 at 14. Even though the Cape Coral address is his correct address, the appellant has offered no explanation as to why he never received the compliance initial decision via mail, but instead received it 2 months later from a union representative. CPFR File, Tab 1 at 1-2, Tab 3. Therefore, while the appellant's statement that he did not receive the compliance initial decision until February 17, 2022, was made under penalty of perjury, CPFR File, Tab 3, given that the Board properly served him at his correct address, a conclusory statement claiming nonreceipt does not prove that the appellant timely filed his petition for review. For that reason, we find that the appellant filed his petition for review approximately 2 months past the January 14, 2022 deadline. CID at 17; CPFR File, Tab 1.

¶7        Because the appellant did not establish that he timely filed his petition for review, the next issue is whether he established good cause for the 2-month filing delay. The Board will waive a petition for review time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*,

---

[2] While the appellant claimed that there were issues with the delivery of the Board's orders, including that he received the close of record order "at least a week or more" after the issuance date, he nevertheless confirmed that he received the order and filed his close of record argument within the set timeframe. CF, Tab 29 at 20.

[3] The appellant had listed a Post Office Box in Fort Myers, Florida, as his return address on his petition for review and the timeliness motion. CPFR File, Tab 1 at 12, Tab 3 at 5.

111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

¶8          The appellant was approximately 2 months late in filing his petition for review. CPFR File, Tab 1; CID at 17. Such a delay is not insignificant. *See Madonti v. Department of the Army*, 97 M.S.P.R. 660, ¶ 8 (2004) (finding that a nearly 2-month delay in filing a petition for review was not minimal); *Winfrey v. National Archives and Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay was not minimal). We recognize that the appellant is pro se, but nevertheless he has failed to offer a persuasive excuse, show that he acted with diligence, or set forth circumstances beyond his control that affected his ability to comply with the filing limit. There is no evidence that the appellant made any attempt to check the status of his case, even though he was awaiting the compliance initial decision. This is especially noteworthy in light of the appellant's significant prior experience before the Board, as well as the fact that he claimed in his close of record brief that he had not been receiving all of the documents related to his case. CF, Tab 29 at 20. Furthermore, the appellant has offered no explanation as to why he was unable to contact the Board, or why he was unable to file his petition for review for 30 days once he received the compliance initial decision, despite being on notice that the petition for review was at least 1 month past due. CPFR File, Tab 1.

¶9  The Board has found that when, as here, an appellant with significant prior experience with Board procedures claims that he did not receive documents, his past experience should have alerted the appellant as to possible problems regarding service of documents, and his failure to note these problems breached his personal duty to monitor the progress of his appeals at all times. *Jones v. Social Security Administration*, 111 M.S.P.R. 498, ¶ 10 (2009). Thus, we find that the appellant's failure to take any action to monitor his appeal evidences a lack of due diligence which cannot be excused. Accordingly, we find no basis to waive the time limit for the appellant's petition for review for good cause shown.

¶10  The appellant's petition for review is therefore dismissed as untimely filed. As for the agency's cross petition for review, the Board's regulations define a cross petition for review as "a pleading that is filed by a party when another party has already filed a *timely* petition for review." 5 C.F.R. § 1201.114(a)(2) (emphasis added). Because there is no timely petition for review at issue in this appeal, the Board lacks any basis to consider the agency's cross petition for review. *Castro v. Department of the Air Force*, 67 M.S.P.R. 449, 453 (1995).[4] The agency assumed the risk of having its cross petition for review dismissed by not filing a timely petition for review on its own behalf in the first instance. *Id.*

¶11  The compliance initial decision remains the final decision of the Board regarding the finding of partial noncompliance. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and,

---

[4] At the time the Board issued *Castro*, 5 C.F.R. § 1201.114(b) stated "[i]f a party. . . files a timely petition for review, any other party. . . may file a timely cross petition for review." *Castro*, 67 M.S.P.R. at 453. The Board's regulations have been revised several times since 1995, and the quoted language is no longer in the most current version of 5 C.F.R. § 1201.114(b). However, the current regulations define a cross petition for review as "a pleading that is filed by a party when another party has already filed a timely petition for review." 5 C.F.R. § 1201.114(a)(2). Accordingly, the Board's regulations still require a timely petition for review in order to file a cross petition for review.

depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing all relevant issues in this appeal,[5] and setting forth the appellant's appeal rights.

**ORDER**

¶12     We ORDER the agency to pay the appellant the appropriate amount of back pay and benefits, plus interest for the relevant periods, consistent with the findings in the compliance initial decision. The agency must also provide the appellant with an explanation of its updated back pay calculations for the relevant time periods, consistent with the findings in the compliance initial decision

¶13     We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it paid the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations. The agency must serve all parties with copies of its submission.

---

[5] The subsequent decision may incorporate the analysis and findings set forth in this Order.

¶14     The agency's submission should be filed under the docket number assigned to the compliance referral matter, **MSPB Docket No. AT-3443-07-0016-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C.  20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶15     The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶16     The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶17     This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution

of all relevant issues in this petition for enforcement, a final order shall be issued, which shall be subject to judicial review.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.